22-2081, United States v. Rivera. Ms. Gatko, you have two minutes reserved for rebuttal. Yes, Your Honor. When you're ready. Thank you. Good morning, Your Honors. My name is Anna Skelko. I represent Victor Rivera on appeal. I did not represent Mr. Rivera below. This court should vacate Mr. Rivera's sentence and remand for resentencing before a different district judge because the government breached the plea agreement and the sentence imposed was unreasonable. The government breached the plea agreement first by abandoning the stipulated guidelines range and arguing for the application of a higher range based on decade-old, unsealed federal criminal convictions that were available at the time of Mr. Rivera's plea. So a couple questions on that. In terms of standard of review there, there's certainly an indication in the transcript of defense counsel saying that's not fair, you shouldn't use it. That's a different argument than breach of a plea agreement, wouldn't you say? I would say that under this court's precedent, there is no requirement that the argument specifically use the magic words, there was a breach of the plea agreement. The defendant need not object at sentencing on that specific grounds. Right, but don't you have to say something which would suggest that as opposed to essentially a 3553A argument of, yes, it's the accurate calculation, that's the right criminal history, but it's not fair to apply that because we didn't know about it at the time. Isn't that different than some suggestion of a breach? Even if you don't use the magic words, there's lots of words you could use to describe it that I think are different than what we see here. Yes, Your Honor, I think that is a difference, but I think that's met here as described in Wilson and Taylor. Rivera's counsel below objected in a manner that was sufficient to apprise the district court of the objection. What were the words? Specifically on pages A of the appendix 84 to 85, defense counsel objected in summary that Rivera had relied on the government's representations and assumed that the government had reviewed a rap sheet, that the government's negligence in gathering a complete criminal history should not be held against Rivera, and that Rivera and his counsel had assumed, and this is a quote, assumed when we entered into these plea negotiations. I think those are decent arguments on a fairness theory, but the plea agreements explicitly said there may be new information which permits either side to make new arguments. How do you deal with that? Yes, Your Honor, I think that, you know, when this court considers whether there's been a breach, it looks to the reasonable expectations and understandings of the defendant and the terms of the plea agreement, and here I think the terms are incredibly important. The actual terms of the plea agreement say that the government calculated the offense, the criminal history category, based on information, quote, available to it at the time, not of which it was aware or not known. I think that's what it always says, the plea agreement. Other plea agreements from other districts use terms like known or aware. This one chose available, and available has a specific meaning, a specific dictionary. I mean, the Hobbes case that they rely on doesn't use that. It's confusing in other ways because it talks about a pen and tell letter, which maybe I have an overly SDNY brain, but it doesn't use the now available language, I think. Correct, it uses known. Mr. Rivera should have known of his multiple other convictions and apparently didn't tell his lawyer. So I'm not sure that that is an inferential leap that can be made. I think Mr. Rivera was failed in a lot of ways during the process below, but we are here today to hold the government accountable. Can it be said that it's a reasonable expectation of the defendant that the government won't find out about convictions that the defendant knows about? I'm not sure that the defendant recalled those convictions at that time. The defendant has had so many convictions that he doesn't remember those. The defendant has a seventh grade education, more mental illnesses than I can list, including schizophrenia, bipolar, ADHD, PTSD, for which he was not being treated at that time in the MDC. I mean, he might have forgotten about the $50 fine, which was the result of one of the convictions. And all three of those convictions happened in the year after he lost his parents in a tragic house fire, where he witnessed them screaming. I'm not sure that this is his memory. Didn't he have a substantial prison term on one of the prior convictions? Five years or something? I believe he received up to five years. I don't think he served that. Right, but so he didn't remember that he had a five-year sentence, a prior five-year sentence. What I do know, that's not part of the record. What I do know that is part of the record is defense counsel says on the record that he did not go over the rap sheet with his client. Do we know, and I'm going to ask you about this. I'm going to ask the other side about it. I've asked a lot of lawyers about this because this scenario I find deeply problematic, and it happens a lot. Whatever the government has, and you were on the other side, so you can tell me from your experience. Whatever the government has is different frequently from what the probation office then finds itself in preparing the PSR. Why is that? I've been unable to surface a rational explanation for why that is. Specifically, as is here, these were Federal convictions from the District Court of Pennsylvania, Puerto Rico. Puerto Rico. They were not, you know, sealed, juvenile offenses. They weren't from a foreign court or some obscure, like, county court. There's no reason why this wouldn't have produced on a rap sheet. I mean, the PSR refers to, I think, one of them as not on the rap sheet, but makes no comparable statement as to the other. So do we know? Was it on the rap sheet? We don't have the rap sheet in the record. We don't have the rap sheet in the record, and this is not part of the record on appeal, but I can tell you my current understanding of what happened. The defendant was arrested in Miami and consented to remand there. So no pre-sentence report, which usually contains the defendant's criminal history, was produced because he consented to remand. He was then brought to the Southern District of New York on a 5C3 and, again, consented to remand. So, again, no pre-sentence report was produced. So neither side was provided with a rap sheet at that time. Now, of course, the U.S. Attorney's Office can run one on their own. I don't know whether they did. In my consultation with defense counsel below, it's my understanding that no rap sheet was produced at discovery. So where did the criminal history information come from? The government. Do we know what that means? I mean, the government? What did they – well, I'll ask them. But you don't have a view as to what it was that they were relying on in producing the criminal history? I have no window into what they were relying on. And you have a view then as to, under the terms of the plea agreement, what was now available to them? It was available at the time. Those convictions were federal convictions. They were not sealed. And any reasonably diligent review of his criminal history should have turned those up. I mean, they should have been on the rap sheet. Correct. Yeah. Can I ask you – I'm going to ask this to the other side too. Again, I saw this a lot. In my experience, when this happens, the government comes in and says, this is accurate with the PSR, we're obligated to respond to your questions, Judge, but we stand by our guideline – our stipulated guideline range. That didn't happen here. That was traditionally my experience too when, as you pointed out, I was on the other side. And that did not happen here. In fact, the government – That was my experience too. But there was a significant difference here. From three criminal history points to ten, I mean, does that account for why the government didn't abide by its usual practice? I think it actually suggests in the opposite direction, that the defendant would have no way of having that be his reasonable expectation or understanding that he could jump to criminal history levels based on information that the government says, oh, oops, we didn't – that wasn't available to us or we didn't see that. And in fact, I think it's important to point out that the government affirmatively, in its sentencing memo, first raised that the district court should adopt the higher guidelines range and should sentence the defendant. Yeah, it wasn't in response. So as a matter of contract interpretation, what is it that you – so you want us to conclude that new information is information that was not available at the time of the plea. And how do you want us to define what the government's obligation is? How do you want us to define – what's your argument as to how we define now available? I think information that is available to the government should be broadly defined as anything that is accessible through its databases. And clearly, because probation could access it, the government, the U.S. Attorney's Office, should be held to be able to access it as well. And secondly, new information cannot include a later summary of information that exists at that time. But I guess does it make it a breach or is it – it's almost – it's more of like a fairness argument or interest of justice argument as opposed to the government breached the agreement. I think it's both. And this court has said that it holds the government to the highest standards of fairness and meticulous standards of performance in determining whether or not it complied with the terms of its plea agreement. And I say its plea agreement because the government drafts these and could have chosen different language if it wanted to. Do you want to briefly touch on your other arguments? Yes, Your Honor. In terms of the sentence that was actually imposed, 235 months imprisonment, just five months shy of the statutory mandatory minimum for this offense. That sentence was unreasonable. It was procedurally and substantively unreasonable, separate and apart from the breach for three primary reasons. First of all, the district court failed to consider that his criminal history category was substantially overstated. The one point that he received for the offense for which he received the $50 fine back in 2012 put him from category four to category five. And that was for illegal appropriation in the fourth degree. The four points that he received for the offenses that took place over a decade ago in 2012 also moved him from criminal history category three to five. There were over a dozen robberies, right? He was being sentenced for more than 12 robberies. In this particular offense, yes. In this case, yes. This case involved 12 robberies, numerous victims who were actually hurt. One victim was shot. Is it really? And whatever it was, there was a prior history here. Was 235 months really substantively unreasonable in light of the extent of the criminal conduct? I think it was in part because the mitigating circumstances of this particular defendant. I've never seen anything quite so heartbreaking. Like I've already mentioned the myriad of mental illnesses that he had, which were diagnosed from age nine. He lost his parents as a teenager in a tragic house fire. He came here with nothing. And as the records in the confidential appendix show, repeatedly went to homeless shelters seeking treatment for his mental health illnesses. Even the probation department recommended something a lot less. The probation department recommended 160 months. The sentence that was imposed was so much higher than that. And the probation department calculated a higher guidelines range than what was ultimately found by the court. The other thing that I want to point out is Judge Hellerstein, in considering the mitigating circumstances that I just mentioned, repeatedly said that he could not see a connection between those and the offense at issue, which I think suggests a misunderstanding. Circumstances can be mitigating and require compassion, even if there is no direct causation or correlation between them and the crime that the defendant pled guilty for. And I think that reflects a misunderstanding on the district court judge's part that requires remand. All right, thank you. Mr. Hellerstein, do you have two minutes for a vote? Yes. Good morning and may it please the court. My name is Andrew Chan, and I represent the United States in this appeal, as I did in the proceedings before Judge Hellerstein. And I'd like to start off by going back to Judge Nathan's question regarding the standard of review. In our view, this case should be affirmed under any standard, but we do believe that the plain error review standard applies to any claims that the government breached the plea agreement here because there was no objection. There was no objection to the defendant's criminal history category at sentencing. To the contrary, defense counsel agreed that the defendant was in criminal history category 5. Similarly, there was no objection to the government's statements about the defendant's role in the offense in its sentencing submission or in its remarks. All right, so where did this criminal history come from? What was available to you? What did you rely on in developing the plea agreement? And, Your Honor, it's not currently in the record, but I can represent as one of the attorneys in the case that there was, pursuant to our normal practice, a rap sheet that was collected at the time when the case was charged, and the rap sheet was transmitted to defense counsel pursuant to our obligations under Rule 16. And that rap sheet indicated that there were arrests in Puerto Rico, but as is unfortunately sometimes the case, the law enforcement records that included information about arrests did not have the records that came in from the courts about the actual convictions. And so... Did you have access to that information? If you see an arrest to determine whether there had been a conviction, did you have access to that information? Well, Your Honor, it certainly was not accessible to our office. Whenever we run a law enforcement rap sheet, we're relying on our law enforcement partners to provide that information to us. In their brief... How did the probation department find it later? I think that the probation office does have the ability to conduct a much more thorough investigation into a defendant's criminal history by following up with the actual courthouses to find out if there were records of... And the U.S. Attorney's Office can't do that? I think the U.S. Attorney's Office could certainly conduct an investigation like that, but I just want to direct the court's attention back to the relevant section of the plea agreement here. The relevant section of the plea agreement says that nothing in this agreement, including the section of the agreement talking about the criminal history, nothing in the agreement limits the right for either party to seek an appropriately adjusted guidelines... Oh, I understand that. ...if it's based on new information. Right, but new information has to be interpreted consistent with the not available language, right? Do you think new information means something different than not available? I think that's exactly correct. Okay. The defense counsel's position is that new should be the dictionary definition of new, which is recently coming into existence. The question should be... And that might be wrong with using a dictionary definition. Well, I think that that would be appropriate if you're talking about a new car that you just bought or a new house that you just bought, but here the plea agreement is talking about new information. Information that was not available to the government at the time of the plea, yes? Well, and what I would add to that is that when we're talking about new information, it's not uncommon to learn new information about events that took place in the past. Was the information about the convictions available when the plea agreement was entered into? Even if you didn't have it in hand, was it available? And I think we would respectfully submit that it was not available. So what does available mean? Under the dictionary definition of available, was it available? I think that our position is that when we're talking about what the plea agreement lays out in that section, and, again, we push back as to whether or not that section is controlling because the carve-out section indicates that nothing in this agreement limits the rights of the parties to seek an adjusted guidelines range. But when we're talking about that section of agreement... Based on new information, right? Yes, yes. And so when you read the carve-out section with that section together, we're talking about new information that the government didn't know about at the time when we entered into the agreement. What government didn't know about it? That the representatives of the U.S. Attorney's Office... Based on what? Based on what? Just what's in your head at the time, Mr. Chan? No, it's based on something. I think what you're asking us to do is to interpret it to mean the information that the government chose to rely upon in determining the criminal history, whatever that was. And what we do is that we rely upon both information that's available to our office, and then we also rely on representations by the defense. And so when you look at that provision... So the question is, was this information available to your office? And our position is that it was not, as reflected in what was actually put into the plea agreement. So, right, your contention is whatever you put in the plea agreement was what was available. Yes, that is our contention. And I would just note that it is not uncommon to learn new information about events that took place in the past. In the same way that you can learn... So, you know, our experience is that in this kind of scenario, the government usually says, you know, we'll honor the agreement even though we have new information. And why didn't the government do that, particularly with the probation department's recommendation of 160 months? Well, Judge Chin, I think you touched upon it earlier when you were speaking with... I was just speculating earlier, but... I think that given that there was such a dramatic difference between what the government previously understood about the defendant's criminal history and what we saw in the PSR, in the probation report, particularly given the fact that there was a prior conviction involving a robbery in Puerto Rico that involved a sentence of five years of imprisonment, I think the government felt compelled in this instance to rely on language in the plea agreement which allows us to seek an appropriately adjusted guidelines range if we learn about new information about the defendant's criminal history. And just to be clear, the represent... Because I was confused by the PSR noting with respect to not all of the new information that it hadn't been on the rap sheet. So your representation is that neither of the new convictions were contained or referenced on the rap sheet that the government had available to it at the time? What I can represent is that when we ran the rap sheet that was produced to defense counsel in discovery, I can't remember exactly which ones were listed, but there were various arrests that were indicated, but there was not information about the convictions or the sentences that were imposed. In the ordinary course, you wouldn't dig further to see whether the arrest resulted in anything? In a conviction? In the ordinary course, when we run the rap sheets, we do rely upon the information in the rap sheets about the subsequent convictions and sentences. Those would have been old arrests, correct? Yes, that's correct. And wouldn't it be relevant whether those arrests resulted in anything? Yes, it certainly could be relevant, but we rely on the rap sheets that we receive, and certainly it's hypothetically possible that the government could do as thorough of an investigation as the probation office does. But we rely upon this carve-out that allows us to seek an appropriately adjusted guidelines range if there is new information that comes up between the time of the plea and the time of the sentence. Let me test your theory of what now available means. So let's say you have a two-page rap sheet, and the government misplaced one of the pages and only relied on the one page. So what was in your head as the negotiating attorney was just the one page of information and not the second page, which contained other convictions. And then it's a low criminal history, and you get a plea agreement, and then the minute it goes to probation, probation says, well, actually there's three additional convictions, and that significantly increases it. And you say, yep, that's right, new information. We didn't know about it at the time because we lost that other sheet. Was that information available to you? Well, just a couple of points I would say about that. First answer the question and then make as many points as you like. I think in that situation, Your Honor, we would say that we can rely upon the carve-out language, and it's for a few reasons. You would. The first is that in the carve-out language, it specifically says that we're allowed to rely upon new information. Second. So it's new even though you just misplaced the second sheet of the rap sheet. Yes, and that's because the plea agreement itself contains a section in which the parties are trying in good faith to put in a criminal history. Well, there's no good faith requirement. Let's say you intentionally misplaced the second page of the rap sheet, and you said, oh, here's the rap sheet, defense counsel. We produced it in discovery, but it's only one page of the two. Is that new information? I think if this were a situation where there was evidence of bad faith, that would be a very different analysis that would certainly involve two process concerns. But what we do in the ordinary case is in good faith, we work with defense counsel and rely on defense counsel's representations, especially given that a defendant would be in the best position to know about their own criminal history, and then we put into the plea agreement what is known at the time about the defendant's criminal history. And I would just add, too, that this provision, it cuts both ways, right? So a defense lawyer, if they learn new information as well about a defendant's criminal history that suggests that their criminal history should be in a dramatically lower category, the government is not going to say that they're not allowed to seek an appropriately adjusted guidelines range if they get that new information about their criminal history. And the last point I'll make is just on prejudice, right? Because I don't think defense counsel can show that there was prejudice on this point. They do not dispute on appeal that he's actually in criminal history category 5. Before the district court at sentencing, they conceded that he was in criminal history category 5. And if he were to be resentenced at a future proceeding, he would be in criminal history category 5. And this is not a case where the government volunteered this information. Probation discovered it first. And so it was inevitable that he was going to be in criminal history category 5. I think the Mazzel case is very much on point there, in which they noted that it was going to be inevitable that the defendant would be in this criminal history category. And so given the case law and given the text here, I don't think— Sotomayor, I just want to let you sit down after this. But you want us to define now available to mean what the government has on the rap sheet, in good faith, or how. What does it mean? I don't think the court has to reach the question of what the definition is of what's available to the government because the carve-out language specifically uses the term new information. And that carve-out already says nothing in this agreement limits the rights of the parties. And so that language, nothing in this agreement limits the rights of the parties, that includes all of the language that's available. So how do you want us to define new then? New information is information that comes to light after the entry of the plea agreement. In the same way that you can learn new information about past events from reading them in a book about history, here the government got the probation office's report and learned something new about the defendant's criminal history. Specifically, the government learned for the first time that the defendant had this series of criminal convictions and lengthy sentences. It's actually old information, but newly learned. We can learn something new about history. Newly learned, I suppose. That's right. Something new about events that took place in the past. After all, it is criminal history. And so we're learning new things about history all the time, I suppose. Yeah. I mean, and I'll just, I have raised this in my own courtroom multiple times because of the, I think it's problematic. I think your office should do better in finding this information given the frequency with which. It's one thing. And then the probation department, with what appears to be very minimal effort, finds entirely different information. All right. Thank you, Mr. Chairman. Unless the court has any further questions, the government would respectfully request that the court affirm the judgment of conviction. Ms. Gatko, you have two minutes. Thank you, Your Honor. So let me just, the plea agreement does say, I'm looking at A44, based upon the information now available to this office, including representations by the defense. So what the defense is representing is certainly a part of this. Yes, and the government hasn't made. It's not entirely the government's fault if the information turns out to be inaccurate. The government hasn't made any assertions that defense counsel made representations regarding his client's criminal history or that the defendant did not. Well, he stipulated to a criminal history. Isn't that a representation? That was what was provided. That was what he had available to him at the time. Are you alleging that the government, with respect to this plea agreement, acted in bad faith? I don't think that's not necessary for us to show that there is a breach. It should or not. I think here, in terms of what we discussed earlier about fairness, if the government is not going to take the extra step to do the due diligence that the probation office obviously did to uncover a complete criminal history, then it should abide by its agreements. Here it not only didn't abide by its agreement, it permanently changed it. A plea agreement is construed against the government, and you have a strong hand on that. But on the other hand, the government is talking about information available to it, and that would seem to entail a good faith obligation. And I'm asking if you're saying that they breached a good faith obligation in some way. I think the government does have an obligation to do a thorough criminal history check, and if its investigation is not as thorough as it should be, to abide by the terms of its agreement. And here they not only didn't abide by those terms, but then they piled on, referring to my client as an organizer and leader of a sophisticated scheme, referring to terms of art from the guidelines, role enhancement section, which were not supported by any of the facts in the pre-sentence report and were not in the plea agreement at all. And that argument clearly is plain error. There is no objection made, and the judge didn't apply it, right? The judge did not apply a role enhancement. However, I think the piling on of that language, which was terms of art and was not supported by any of the facts in the probation report, does suggest that the government was not adhering to its duty under the plea agreement. Its arguments were improper, argumentative, and over the top. I think just to return to the terms of art that are used in the plea agreement, available and new, to the extent that there is any ambiguity or disagreement in how those terms are defined, that must be resolved in favor of the defendant. This court has decided that since Riera. It's a well-established precedent. I also think the government addressed Mizell. In Mizell, this court found that there was a breach in the government arguing that the criminal history category was 3 and not 2. However, they found that there was no prejudice because there, Judge Sullivan had sua sponte pointed out sections in the guidelines, and sua sponte paid attention to the criminal history category. So they said that that result was going to happen anyways. Here, there was no such sua sponte attentiveness to the criminal history category, and the government did not respond to inquiries from the court. It affirmatively took a position and then piled on with sentencing guidelines terminology. And you want to wrap up, Ms. Greco? Yes. Finally, I think just bringing us back to basic principles, plea agreements should not be treated like mirages that disappear when the government decides to take a closer look. To hold otherwise will create the perverse incentive that the government will not have to do its due diligence at the time of the plea and will instead be incentivized to postpone that to sentencing because it can encourage a defendant to plead guilty to sentencing guidelines ranges that it will not be bound to later on. Thank you. Thank you. Thank you to counsel for both sides.